UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DeJESUS GONZALEZ, | No. 2:15-cv-1961 WBS GGH P |
| Petitioner, | |
| v. | |
| JOE A. LIZARRAGA, | ORDER |
| Respondent. | |

    In this case petitioner's primary claim is insufficiency of evidence. However, the issue arrives at this court in an unusual procedural context. The parties are aware of the underlying background facts and the undersigned will not set them forth herein.

    Three theories were presented to petitioner's jury concerning his involvement in the crime for which he was convicted: 1- he was the actual shooter; 2-he aided and abetted the shooting of the victim by another; 3-the murder was a natural and foreseeable result of a fight in which petitioner was a participant. Petitioner was convicted of murder, but the jury did not give a finding of what theory(s) prompted their verdict.

    Without setting forth here the entire procedural history of petitioner's appeal, the

1

important underlying fact for this order is the fact that petitioner's appellate counsel did not contest the sufficiency of the evidence with respect to petitioner being the actual shooter, but only contested the latter two theories. The Court of Appeal never actually reviewed the merits of the alleged insufficiency grounds raised by petitioner because it simply relied on the fact that petitioner had not challenged sufficiency of the evidence on theory one—petitioner was the actual shooter. Since sufficiency of the evidence was a given on theory one, the Court of Appeal found that whether the evidence was *actually* sufficient on theories 2 and 3 was inconsequential as to petitioner. It further ruled that the jury was not required to have specified the theory of conviction in its verdict.[1]

Although the Court of Appeal did not use the term, for all intents and purposes, it found that petitioner had waived his right to contest sufficiency of the evidence. No analysis of petitioner's sufficiency arguments *on their merits* had to be made because petitioner had not challenged the sufficiency on theory one. Seemingly, by any reasonable interpretation of the Court of Appeal decision, petitioner had waived the issue.[2]

Petitioner recognizes the AEDPA context of the petition, i.e., the Court of Appeal ruling must be upheld unless it was AEDPA unreasonable, but he argues the facts concerning insufficiency—something the Court of Appeal never adjudicated. In essence, petitioner seeks this court to perform a *de novo* review. Respondent, on the other hand, simply relies on petitioner's waiver of the ability to contest sufficiency of the evidence, and essentially argues the waiver finding by the Court of Appeal to be a ruling on the merits, a *procedural* ruling which should be given AEDPA deference.

The undersigned desires further briefing on the following points:

1. Do the parties agree that the Court of Appeal never analyzed the underlying facts of sufficiency of the evidence *as to petitioner*, and if so, does this constitute a waiver of the

---

[1] This latter ruling was correct as a matter of state law and federal law as well, at least where the issue on appeal is sufficiency of the evidence. See Griffin v. United States, 502 U.S.46 (1991).
[2] Without a finding of waiver, the Court of Appeal decision makes no sense. It would be tantamount to finding: Petitioner challenges sufficiency of the evidence, but because he does not challenge sufficiency of the evidence, he loses. This is the stuff of *Alice in Wonderland*.

2

sufficiency issue;

2. Assuming question one is answered in the affirmative, what is the AEDPA standard of review for a waiver finding; that is, should it be analyzed as a type of procedural default or some type of merits ruling;

3. Within the course of a 28 page petition, in an introductory "notwithstanding" phrase in one sentence on page 20, petitioner alludes to ineffective assistance of appellate counsel. Does this constitute a fair raising of the ineffective assistance issue in this habeas action, was this issue ever exhausted, and if so, does respondent waive any exhaustion requirement. The latter question in the preceding sentence requires a "yes," or "no" answer; "maybe," or "respondent reserves the right to argue exhaustion at a later time," or the like, is an unacceptable answer.

The further briefing shall be contemporaneously briefed, and filed no later than 14 days from the filed date of this order.

Dated: May 16, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE